```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

**DEBORAH L. QUIBELL-TAYLOR**

    Plaintiff,

vs.                                              **Case No. 8:05-CV-1570-T-EAJ**

**JO ANNE B. BARNHART,**
**Commissioner of**
**Social Security,**

    Defendant.

_____ /

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for a period of disability and disability benefits under the Act.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. 9).

applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). This court may not "decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]"; therefore, the Commissioner's decision must be affirmed if it is supported by substantial evidence. Id. (citing 42 U.S.C. § 405(g); Allen v. Schweiker, 642 F.2d 799, 800 (5th Cir. 1981). If the Commissioner committed an error of law, this court must remand the case to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff initially filed a claim for Disability Insurance Benefits on January 5, 1999, which was denied on April 1, 1999. (T 36) Plaintiff alleges an onset of disability on February 28, 1998, attributed to degenerative disc disease, osteoporosis, bursitis of the hip, sacroilitis, post-laminectomy syndrome, and lumbar radiculopathy. (T 48, 53) At the time of the ALJ's decision on remand, Plaintiff was forty-seven years old and had relevant past

work experience as an administrative assistant and secretary. (T 63-65) Following a hearing, the ALJ denied Plaintiff's claim in a hearing decision dated November 4, 1999. (T 36) Plaintiff appealed to the United States District Court, and the case was remanded by the court for further administrative proceedings.[2] (T 311)

Upon remand, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of February 28, 1998 through her closed period of disability ending on August 10, 2003.[3] (T 290) In a decision issued on July 16, 2004, the ALJ determined that Plaintiff suffered from "degenerative disc disease of the lumbar spine; and, status-post L4-L5 laminectomy, with bilateral partial foraminotomies, discectomy, interbody fusion, and bone graft", which were severe impairments but did not meet or equal any listed impairment. (T 293) Additionally, the ALJ determined Plaintiff suffered from non-severe mental impairments that consisted of dysthymic disorder and post-traumatic stress disorder. Id. Although the ALJ found that Plaintiff suffered from

---

[2] The United States District Court for the Middle District of Florida, Tampa Division, remanded Plaintiff's case to the ALJ for further proceedings. (T 304-11) The district court ordered the Commissioner to re-evaluate Plaintiff's pain allegations, to reassess the combined effect of all her impairments, including irritable bowel syndrome, and to consider her claims of hip problems and mental impairments. Id.

[3] At the hearing held on October 9, 2003, Plaintiff amended and limited her claim to encompass a closed period of disability from February 28, 1998 to August 10, 2003. (T 290) However, Plaintiff was only insured through March 31, 1999; therefore, she was required to establish a disability before that date. Id.

a number of severe impairments during the applicable disability time period, the ALJ concluded that Plaintiff had the residual functional capacity (RFC) to perform her past relevant work as an administrative assistant, which included a "limited range of light work". (T 295) Upon finding that Plaintiff was able to perform her past relevant work, the ALJ determined that Plaintiff was not disabled and therefore denied her claim for disability benefits. (T 298-99)

Plaintiff argues that the ALJ erred by failing to (1) sufficiently state the weight she gave to the opinion of David W. Cahill, M.D. ("Dr. Cahill"), a treating physician; (2) consider the record as a whole in determining the credibility of Plaintiff's pain allegations; (3) account for Plaintiff's impairments in combination; and (4) adequately weigh the evidence.

For the reasons discussed below, arguments one through three do not provide a basis for relief. Additionally, Plaintiff does not fully develop her claim that the ALJ neglected to adequately weigh the evidence; therefore, this argument is deemed waived as a separate issue.

The medical evidence has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

**II.**

**A.**   Plaintiff claims that the ALJ erred by failing to completely

explain the weight given to Dr. Cahill's opinion. (Dkt. 19 at 14). More specifically, Plaintiff argues that the ALJ failed to discuss Dr. Cahill's reports from Plaintiff's second back surgery on August 13, 2001 or "the chances for failure in the future" in relation to Plaintiff's alleged closed period of disability (February 28, 1998 to August 10, 2003). (Dkt. 19 at 6-7). Defendant points out that Dr. Cahill did not provide an analysis of Plaintiff's physical abilities and impairments prior to Plaintiff's last insured date of March 31, 1999 because this physician first examined Plaintiff on July 18, 2001.

Unless good cause is shown to the contrary, the ALJ must give substantial or considerable weight to treating physicians' opinions. Broughton v. Heckler, 776 F.2d 960, 961 (11th Cir. 1985); see also 20 C.F.R. 404.1527(d)(2). Thus, the ALJ must specify the weight given to treating physicians' opinion or reasons for declining to consider the opinion; a failure to do so is reversible error. Broughton, 776 F.2d at 962. Further, if the Commissioner disregards and neglects to properly refute a treating physician's testimony, such testimony must be accepted as true as a matter of law. MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986). Despite the substantial weight accorded to treating physicians' opinions, the issue as to whether plaintiff is disabled turns on medical evidence that establishes disability prior to plaintiff's last insured date. Ware v. Schweiker, 651 F.2d 408, 411 (5th Cir.

1981).

Plaintiff correctly asserts that the ALJ summarily discusses treating physician Dr. Cahill's opinion by stating that "[c]ontrolling weight has been given to treating source opinions that are well-supported . . . including the opinion[] of David W. Cahill, M.D. . . . ." (T 295) However, even assuming that Dr. Cahill's opinion is relevant to establishing disability for Plaintiff's closed period of disability, the ALJ's evaluation of Dr. Cahill's opinion is not a basis for reversal or remand.

First, although Plaintiff points to several cases to support the proposition that the ALJ's discussion of Dr. Cahill's opinion constitutes reversible error or grounds for remand, these cases fail to squarely address the situation in the instant case. Although <u>Lewis v. Callahan</u>, 125 F.3d 1436, 1440 (11th Cir. 1997), promulgates the general rule that a treating physician's opinion merits controlling weight, the court in <u>Lewis</u> addressed the situation in which the ALJ did not show good cause for giving preferential weight to the consulting physicians' opinions instead of the treating physicians' opinions. Although superficial, the ALJ's discussion of Dr. Cahill's opinion specifically stated that the ALJ had given controlling weight to treating physician Cahill's opinion. (T 295) Plaintiff further relies on <u>Carnes v. Sullivan</u>, 936 F.2d 1215, 1218 (11th Cir. 1991), in support of her argument that the ALJ committed reversible error by failing to apply the

6

correct legal standards. Carnes is distinguishable from the instant case as the court there found that reversal was warranted when the ALJ failed to apply the correct legal standard by ignoring evidence that the plaintiff's disability was classified as a listed disability. Id. at 1218-1219. In contrast to Carnes, Plaintiff does not explain how failure to fully discuss Dr. Cahill's opinion mandates reversal, especially in light of the fact that the ALJ stated that substantial weight was assigned to the opinion. The standard applied by the ALJ is in accordance with the "substantial or considerable" weight standard promulgated in Broughton.

An examination of Dr. Cahill's records and Plaintiff's memorandum reveals that the physician did not specify any work-related impairments. (Dkt. 19 at 6-8); (T 245-50). Dr. Cahill's opinions were based on a bone scan that he performed on Plaintiff, indicating that Plaintiff suffered from a failed fusion. (T 246-47) He further noted that she had explored several pain management options since her 1997 surgery. (T 246) Dr. Cahill opined that Plaintiff needed posterior instrumentation and grafting, which he performed on August 13, 2001. (T 246, 250). None of the physician's findings substantiate Plaintiff's claims that she was unable to work during her alleged closed period of disability which ended on August 10, 2003.

Finally, Dr. Cahill did not examine Plaintiff prior to July 18, 2001. Under the standard set forth in Ware, opinions that

7

relate to plaintiff's condition and treatment prior to the last insured date may not be used to establish disability for a closed period of disability. 651 F.2d at 411.

**B.** Plaintiff contends that the ALJ failed to follow Social Security Ruling 96-7P[4] because the ALJ did not fully explain the reasons for discrediting Plaintiff's pain allegations. (Dkt.19 at 9). More precisely, Plaintiff argues that the ALJ "never actually explained how the standard was applied to the facts and circumstances of this case." (Dkt. 19 at 10). After providing a brief summary of pain allegations made by Plaintiff to various physicians, Plaintiff argues that the ALJ failed to adequately explain the reasons for discrediting this testimony. (Dkt. 19 at 11) Defendant points out that upon remand, the ALJ devoted seven pages to explaining the reasons for finding Plaintiff's pain testimony less than credible. (Dkt. 20 at 14).

The Eleventh Circuit applies a three-part "pain standard" when evaluating subjective complaints of pain. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995). The plaintiff must produce (1)

---

[4] "A 'Social Security Ruling'. . .as applied to the facts in a particular case does not have the effect of law." Wagner v. Finch, 413 F.2d 267, 268 (5th Cir. 1969); see Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981)(en banc)(Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981). Instead, the Eleventh Circuit is bound by its previous decisions. Thus, a claimant's arguments are addressed by the caselaw and the court will not look to Social Security rulings to resolve the issue at hand.

evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the pain resulting from the medical condition or (3) evidence that the condition is so severe that it can be reasonably expected to cause the alleged pain. Id. Accordingly, if the ALJ does not give full credit to plaintiff's pain allegations, the ALJ must clearly express the reasons for her decision; a failure to do so mandates that the allegations be accepted as true as a matter of law. Id. at 1561-1562. However, where there is substantial evidence to support the ALJ's findings, the credibility assessment must be upheld. See Allen v. Sullivan, 880 F.2d 1200, 1202-1203 (11th Cir. 1989)(where the medical evidence is inapposite, the ALJ's articulation of three reasons for rejecting plaintiff's pain testimony is sufficient for ALJ to discredit that testimony).

Here, the ALJ properly evaluated Plaintiff's testimony in accordance with the Eleventh Circuit's standard. After finding that Plaintiff suffered from a number of underlying impairments, including degenerative disc disease of the lumbar spine, status-post L4-L5 laminectomy, with bilateral partial foraminotomies, discectomy, interbody fusion, and bone graft, the ALJ undertook a credibility assessment of Plaintiff's subjective pain allegations. (T 293-98).

In the decision to discredit Plaintiff's pain testimony, the ALJ articulated the following reasons: (1) discrepancies existed

between the ailments alleged on Plaintiff's application for Disability Insurance Benefits and the objective medical records; (2) Plaintiff was able to move with little difficulty both before and after her back surgery; (3) the MRI of Plaintiff's pelvis was unremarkable and did not support claims of hip pain and bursitis; and (4) claims of irritable bowel syndrome were unsupported by Plaintiff's statements to her physicians in August 1998, January 1999, and April 1999 that she did not suffer from bladder or bowel dysfunction. (T 294) Additionally, the ALJ found that Plaintiff had reported improvements in her pain after trochanter and epidural steroid injections were given between January 1998 and November 1998. (T 296) The ALJ further discredited Plaintiff's claims of lower extremity weakness and occasional falls by explaining that clinical findings by "Dr. Sullivan" in January 1999 and April 1999 were minimal.[5] (T 297)

In light of the detailed reasons provided by the ALJ, there is substantial evidence to support the ALJ's conclusion that Plaintiff's testimony as to the severity of her pain is not totally credible and that, while suffering from severe pain, Plaintiff was not precluded from performing work within the limits of her residual functional capacity. (T 297, 298) See Allen, 880 F.2d at

---

[5] The reference to "Dr. Sullivan" may be a typographical error. It was Michael D. Solomon, M.D. who examined Plaintiff on January 27, 1999 (T 162-163) and on April 5, 1999. (T 172) Dr. Solomon's findings are consistent with those which the ALJ ascribed to "Dr. Sullivan". (T 297)

1202-1203.

**C.** Plaintiff alleges that the ALJ neglected to evaluate Plaintiff's multiple impairments in combination and the effect of these impairments on her ability to work. (Dkt. 19 at 11-12). To support her contention, Plaintiff points to the ALJ's statement that "claimant's pain complaints [are] overstated and not altogether credible." (Dkt. 19 at 13);(T 297) Defendant argues that the ALJ's decision contains language that complies with the standard in Wheeler v. Heckler, 784 F.2d 1073, 1073 (11th Cir. 1987), and provides specific analysis of Plaintiff's allegations of back and leg pain. (Dkt. 20 at 19).

The ALJ must consider every alleged impairment and "state the weight accorded [to] each item of impairment evidence and the reasons for his decisions on such evidence." Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). Additionally, the ALJ should state whether the impairments are severe by themselves and in combination. Id. Remand is warranted when the ALJ fails to follow these requirements. Id. Despite this exacting standard, language used by the ALJ may be sufficient to infer that the impairments were considered in combination. See e.g. Wheeler, 784 F.2d at 1076 (ALJ satisfactorily addressed combination issue with statement that "based upon a thorough consideration of all evidence, the ALJ concludes that appellant is not suffering from any impairment, or a combination of impairments of sufficient severity to prevent him

from engaging in any substantial gainful activity for a period of at least twelve continuous months").

Plaintiff's contention that the ALJ failed to consider Plaintiff's impairment in combination is without merit. First, the language in the ALJ's decision satisfies the requirements in Wheeler. Specifically, the ALJ stated that:

> In analyzing the above designated impairments, and their disabling effects, the undersigned asserts that not only have the impairments been considered individually, but in combination as well (20 CFR § 404.1523). Therefore, the combined effects of the claimant's physical and non-"severe" mental impairments have been considered.
>
> (T 295)

Further, the ALJ discussed Plaintiff's medical history and impairments at length, including medical records that Plaintiff mentioned in her memorandum. (T 291-295). The ALJ engaged in a historical account of Plaintiff's medical impairments, detailing the various treatments that Plaintiff underwent from the time of her first back surgery through the end of her closed period of disability. Therefore, this issue does not entitle Plaintiff to relief.

## CONCLUSION

Accordingly and upon consideration, it is **ORDERED** that:

(1) the decision of the Commissioner is **AFFIRMED** and this case is **DISMISSED**, each party to bear its own costs and expenses; and

(2) the Clerk of Court shall enter final judgment in favor of

Defendant consistent with 42 U.S.C. 405(g).

**DONE AND ORDERED** in Tampa, Florida on this 18th day of August, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge